IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRAD EDMONDS #370076　　　　　　　*
　　　　　Petitioner
　　v.　　　　　　　　　　　　　　　*　　Civil Action No. RWT-12-2049

J. PHILIP MORGAN, et al.,　　　　　*
　　　　　Respondents
　　　　　　　　　　　　　　　　　***

## MEMORANDUM OPINION

On September 17, 2012, the Court directed Respondents to answer Brad Edmonds's ("Edmonds") Petition for writ of habeas corpus. (ECF No. 10). Respondents have filed an Answer claiming that the Petition should be dismissed in its entirety because the Petition contains unexhausted claims.[1] (ECF No. 11). Edmonds has filed a "Reply Response" and a "Reply." (ECF Nos. 13 & 14).

## Factual & Procedural History

Edmonds was charged in the Circuit Court for Montgomery County with first-degree burglary, possession/use of burglary tools, theft, breaking and entering a motor vehicle, and rogue/ vagabond. (ECF No. 11, Exs. 1 & 2). On March 22, 2011, a jury found him guilty of the aforementioned counts. (*Id.*). On July 5, 2011, Judge Ronald B. Rubin sentenced Edmonds to a total of 33 years in prison. Edmonds filed a timely appeal via counsel wherein he raised the following claims:

　　1.　　Did the trial court err by failing to merge Edmonds's convictions?

　　2.　　Was the evidence legally sufficient to support Edmonds's conviction for possession of　　　burglary tools?

---

[1] Edmonds has filed a Motion for Default Judgment, asserting that Respondents have otherwise failed to defend the action. (ECF No. 12). The Motion shall be denied, as Respondents have fled a timely Answer.

*Id.,* Ex. 2 at 2. It also appears that Edmonds filed a self-represented appeal raising several issues, including whether the police improperly placed a GPS device on his vehicle and whether he received effective assistance of counsel due to his defense attorney's collusion with the trial court and prosecutor regarding the "silent record" of the GPS issue. (ECF No. 11, Ex. 4). Respondents assert that the Court of Special Appeals did not accept Edmonds's filing. Respondents state that the appeal remains pending before the Court of Special Appeals of Maryland.[2]

## **Analysis**

The Court has generously construed the self-represented Petition to allege that Edmonds's constitutional rights were violated under the Fourth and Sixth Amendments. Edmonds seemingly claims that law enforcement placed a GPS unit on his vehicle without a search warrant and used the unit to conduct surveillance over the course of approximately one week, resulting in a search, seizure, and his arrest. He contends that any evidence "obtained as a result of subsequent searches must therefore be suppressed under the 'fruit of the poisonous tree doctrine'" and his conviction must be vacated (ECF No. 5). He further claims that defense counsel engaged in "collusion" during the course of his suppression hearing. (*Id.*).

Respondents argue that the Petition should be dismissed because the grounds raised have not been exhausted as Edmonds's appeal remains pending before the Court of Special Appeals of Maryland and no post-conviction proceedings have been initiated. In his Replies, Edmonds argues that exhaustion should be waived because he has already filed state habeas corpus petitions which have been denied.

---

[2] The Clerk's Office for the Court of Special Appeals confirms that the appeal remains pending as of June 19, 2013.

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have been presented to the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Code Ann., Crim. Pro. Art. §§ 7-101 et seq. (2001). If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. If, however, the application is granted but relief on the merits of the claim is denied, the petitioner must seek certiorari in the Court of Appeals. *See Stachowski v. State,* 6 A.3d 907 (2010); *Williams v. State*, 438 A.2d. 1301 (1981).

Where a federal habeas petition presents unexhausted claims and the unexhausted claims would not be entertained by the state court if presented there, the United States Court of Appeals for the Fourth Circuit has determined "the claim to be exhausted and denied on an adequate and independent state-law ground." *George v. Angelone*, 100 F.3d 353, 364-65 n. 14 (4th Cir. 1996). Except in limited circumstances, *see Rhines v. Weber*, 544 U.S. 269, 276-79 (2005) (addressing stay of "mixed" habeas petition), where state court review remains available, a federal habeas petition raising exhausted and unexhausted claims must be dismissed in its entirety unless the state, through counsel, expressly waives the exhaustion requirement. In this case, Respondents expressly decline to waive the exhaustion requirement. ECF No. 11.

Edmonds has not exhausted his state court remedies as to his claims. His appeal remains

3

pending and he has not initiated post-conviction review. Therefore, his Petition shall be dismissed without prejudice as unexhausted, to allow him to re-file this case after completion of state remedies.

Edmonds is advised that the Antiterrorism and Effective Death Penalty Act of 1996 amended 28 U.S.C. § 2244 to impose a one-year filing deadline on state prisoners filing applications for a writ of habeas corpus in federal court.[3] Should he wish to re-file this Petition once he has exhausted his available state court remedies, Edmonds should take care not to miss this deadline.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a certificate

---

[3] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid clam of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The Court declines to issue a COA because Owens has not made the requisite showing. A separate order follows.

Date: July 3, 2013                                                                /s/
                                                                          ROGER W. TITUS
                                                                  UNITED STATES DISTRICT JUDGE